**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS,**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HYUN CHUL MOON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:19-cv-5026** |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **TOKYO GARDENS CATERING,** | § | |
| **LLC** | § | |
| | § | |
| **Defendant,** | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

**NOW COMES**, HYUN CHUL MOON, hereinafter referred to as Plaintiff, complaining of and about TOKYO GARDENS CATERING, LLC, hereinafter referred to as Defendant, and for cause of action files this his Original Complaint showing to the Court as follows:

**I.**
**PARTIES AND SERVICE**

1.     Plaintiff, HYUN CHUL MOON, is a citizen of the United States and the State of Texas and resides in Houston, Harris County, Texas.

*2.*     Defendant, TOKYO GARDENS CATERING, LLC, is a Texas Limited Liability Corporation with its principal place of business in Houston, Harris County, Texas.   Defendant may be served with process by the forwarding of a waiver of service to Defendant's counsel of record:   David   A.   Fettner,   6700   Sands   Point   Dr.,   Houston,   Texas   77074 (daf@fettnerthompson.com).

**II.**
**JURISDICTION AND VENUE**

3.     This Court has jurisdiction of this action under 28 U.S.C. §1331 (Federal Question), as one of the causes of action in this case arises under the 29 U.S.C. §215(a)(3) (Fair Labor Standards Act retaliation), et seq., and damages are within the jurisdiction of this court and will continue to increase as this case proceeds to trial.  Moreover, venue is proper in the US District Court for the Southern District of Texas – Houston Division, pursuant to the 28 U.S.C. §1391(b)(1), (2), as Defendant resides (principal place of business is located) in this judicial district and all or a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**III.**
**NATURE OF ACTION**

4.     This is an action brought pursuant to 29 U.S.C. §215(a)(3) (Fair Labor Standards Act retaliation), et seq., and the Texas common-law claims arising under the *Sabine Pilot* doctrine, to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's complaints regarding Fair Labor Standards Act violations, as well as Defendant's retaliation against Plaintiff for refusing to engage in unlawful conduct and activities.

**IV.**
**CONDITIONS PRECEDENT**

5.     All conditions precedent to jurisdiction have occurred or been complied with.

**V.**
**FACTS**

6.     Plaintiff, Hyun Chul Moon (also known as "Jonathan Moon"), began working at Defendant, Tokyo Gardens Catering, LLC, on January 6, 2009 as a Business Development Manager.  Plaintiff performed his job duties and responsibilities admirably over years of services,

which led to his promotion to General Manager.  As Defendant main business was a contract relationship with HEB grocery stores to provide fresh sushi and other Asian dishes in a kiosk, Defendant entered into local partnerships with persons/entities to provide the staffing and daily observation/compliance at the locations.  This contractual relationship with HEB required Defendant to conduct strict FLSA compliance audits, to ensure its employees and those of the local partners were meeting FLSA requirements.

7.     Issues began to surface for Plaintiff, ethically and legally, near the end of 2015, when Plaintiff recognized there may be irregularities in the FLSA audits and reporting to HEB's legal department.  As Defendant went into 2016, and that audit process, Plaintiff saw facts showing that the local partners were paying employees under the table to circumvent FLSA and Texas Payday requirements.  Plaintiff brought this to the attention of Jae Lee, Executive Director, Patrick Kang, Executive Director, Karen Dulaney Smith, lead auditor, and the company attorney.  This started a discussion about how to handle and report to HEB, with Ms. Smith suggesting a store level audit, but Mr. Lee believed that was too expensive and may jeopardize the contract, if substantial information was found.

8.     Thereafter, in June, 2017, Plaintiff caught Mr. Kang and the regional supervisors changing payroll records and pre-screening processors.  He reported this to Jae Lee, Executive Director, and Hana Lee, VP of Operations.  A meeting was held, but the outcome was that Plaintiff, and others, were told to keep this issue quiet and to fix the compliance percentage ("rig the records").

9.     At that point, it became very clear that Defendant, and its auditors, were not just turning a blind eye to FLSA compliance, but knowingly subverting such, in 2017.  As discussed, Plaintiff had raised the suspected issues with FLSA compliance by local partners to Defendant

management and auditors prior, but at a dinner with lead auditor Karen Dulaney Smith and (other people there), Ms. Smith made specific comment that getting around FLSA compliance problems was a "piece of cake" and she would "go with the flow." Ms. Smith was making good profit on conducting the audits, and stated that she wanted to continue to do such. This shocked Plaintiff, as now he saw that everyone was in on it. Plaintiff was not specifically participating, but still felt his presence in this situation was potentially risky.

10.     Apparently, by the time of the 2018 annual audit, Ms. Smith began to get apprehensive. She was being pushed to conduct the interviews for the audit in 15 minutes. As such, Ms. Smith complained to Mr. Kang that this was not enough time to ensure FLSA compliance, especially in doing 20-30 interviews a day over 4 days straight. He told her to just bluff through the questionable sub-processors. That is when Ms. Smith contacted Plaintiff to inform of her problem and Mr. Kang's coercion. Plaintiff and Ms. Smith brought this issue to Mr. Lee, and he intervened telling Mr. Kang no to attempt to coerce Ms. Smith any further.

11.     In December, 2018, Plaintiff met with Ms. Smith about ongoing issues with certain sub-processors who were falsifying records to circumvent the FLSA (minimum wage and overtime requirements). She told Plaintiff that she "doesn't want to know, doesn't care and he should take care of it." Nobody wanted to fix the problems. As such, in February, 2019, when Plaintiff sat down with Mr. Lee and Mr. Kang to discuss scheduling the 2019 FLSA audit, Plaintiff raised all of these ongoing FLSA issues again, of the knowingly used loopholes and the cover-up (fraud) that was happening with HEB, and his problem in being brought in to participate and validate such information, as no one would fix or take responsibility. Mr. Lee and Mr. Kang then told Plaintiff that they would handle the 2019 audit, and Plaintiff should bow out and he should handle other projects. Essentially, if Plaintiff would not participate, then he would be removed and pushed out,

so they could continue the cover-up.

12.     Thereafter, with Mr. Lee and Mr. Kang fed up with Plaintiff's complaints and his refusal to go along with their course of action, Plaintiff was terminated on March 31, 2019.  It is clear that Defendant's management terminated Plaintiff in retaliation for his complaints about ongoing FLSA violations, which included his refusal to participate and engage in illegal activity. This illegal conduct on the part of Tokyo Garden has been verified and supported to Plaintiff verbally and in writing by numerous operators of Tokyo Garden locations within HEB stores.

## VI.
## <u>RETALIATION UNDER THE FAIR LABOR STANDARDS ACT</u>
## <u>29 U.S.C. §215(a)(3)</u>

13.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-12, as though fully stated herein.

14.     Under 29 U.S.C. §215(a)(3) it is unlawful for an employer to retaliate against an employee who files a complaint, initiates a proceeding, or assists in the initiation of a proceeding under the Fair Labor Standards Act, which includes the making of an internal, informal complaint of a violation of law. See *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 626 (5th Cir. 2008) (holding that an informal, internal complaint constitutes protected activity under the FLSA because it better advances the goals of anti-retaliation).

15.     Defendant retaliated against Plaintiff in violation of 29 U.S.C. §215(a)(3) by terminating him after he complained about Fair Labor Standards Act violations and refused to participate in the illegal conduct and activities, after Defendant and its agents ordered Plaintiff to do so.

16.     Defendant had no legitimate, non-retaliatory reason to terminate Plaintiff's employment, and any excuses provided now are merely pretext for the retaliation that occurred.

17.     Defendant's actions caused damage to Plaintiff.

**VII.**
**RETALIATION UNDER TEXAS COMMON-LAW CLAIMS UNDER *SABINE PILOT***

18.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-12, as though fully stated herein.

19.     Under *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), employees fired for refusing to perform an illegal act may sue their employers for wrongful discharge.   The Texas Supreme Court created this tort to promote the public policy of preventing an employee from being forced to choose between keeping his job and facing criminal liability.  See *Winters v. Houston Chronicle Publ'g Co.*, 795 S.W.2d 723, 724 (Tex. 1990); *Sabine Pilot*, 687 S.W.2d at 735.  To prove such a claim, and employee must show (1) that he was required to commit an illegal act that carries criminal penalties; (2) that he refused to perform the allegedly illegal act; (3) that he was discharged; and (4) that the sole reason for his discharge was his refusal to commit an unlawful act.  *White v. FCI USD, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

20.     At the time termination, Defendant had demanded of Plaintiff to participate in knowing violations of the FLSA and to cover-up such information in audits and reporting to HEB. The FLSA has criminal penalties for engaging in violations of the act, as well as fraudulent implications in the delivery of the doctored and false information to HEB for use in its compliance and reporting to the Department of Labor.  When Plaintiff refused to engage in such activities in his final complaints and discussions with Defendant's management, he was terminated shortly thereafter.

21.     Defendant's actions caused damage to Plaintiff.

## VIII.
## <u>DAMAGES</u>

22.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

  a.   Back pay from the date of his termination to present;

  b.   Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

  c.   All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff;

  d.   All reasonable and necessary costs incurred in pursuit of this suit;

  e.   Emotional pain;

  f.   Pre- and post-judgment interest;

  g.   Mental anguish in the past;

  h.   Mental anguish in the future; and

  i.   Medical and other benefit expenses incurred due to the loss of benefits.

23.     Plaintiff hereby seeks monetary relief, including costs, expenses, pre- and post-judgment interests, and attorney's fees.

## IX.
## <u>JURY DEMAND</u>

24.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, HYUN CHUL MOON, respectfully prays that Defendant, TOKYO GARDENS CATERING, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District I.D. 713316
2603 Augusta Dr., 14th Floor
Houston, Texas 77057
Main: (713) 742-0900
Fax: (713) 742-0951
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**